People v Simmons (2025 NY Slip Op 03742)

People v Simmons

2025 NY Slip Op 03742

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2019-01224
 (Ind. No. 2794/15)

[*1]The People of the State of New York, respondent,
v
Eduardo E. Simmons, appellant.

Patricia Pazner, New York, NY (Russ Altman-Merino of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Shlomit Heering of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Laura R. Johnson, J.), rendered October 16, 2018, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that final orders of protection issued in favor of two of the victims should be vacated because the Supreme Court failed to state on the record its reasons for issuing them is unpreserved for appellate review, since it was not raised before the court (see People v Gutierrez, _____ AD3d _____, 2025 NY Slip Op 01947; People v Newman, 234 AD3d 877, 878). In any event, the defendant's contention is without merit (see People v Gutierrez _____ AD3d _____, 2025 NY Slip Op 01947). "[T]he defendant does not challenge the final order[s] of protection on any basis other than the court's failure to state its reasoning, and the only remedy he seeks for this sole error—vacatur of the order[s]—is not an appropriate remedy" (People v Gutierrez, _____ AD3d at _____, 2025 NY Slip Op 01947, *2; cf. People v Moncrieft, 168 AD3d 982, 985).
BARROS, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court